In the Matter of the Application of MICHAEL J. GRIFFIN for Reinstatement to the Bar.

First Department, January 15, 1937.

*Michael J. Griffin*, for the motion.

*Einar Chrystie, of counsel for the Association of the Bar of the City of New York*, opposed.

MARTIN, P. J. The above-named applicant, Michael J. Griffin, was convicted on March 13, 1935, of the crime of attempted grand larceny and conspiracy, a felony, and sentenced to imprisonment in Sing Sing Prison. He was thereafter disbarred. (*Matter of Griffin*, 244 App. Div. 537.) On July 3, 1935, his conviction was reversed by the Appellate Division, Second Department (*People* v. *Griffin*, 245 App. Div. 838), and a new trial was ordered, on authority of *People* v. *Ferguson* (245 App. Div. 837), upon the ground of error in the charge of the trial justice and because, as stated in the court's opinion in the *Ferguson* case, " The defendant's guilt was not established beyond a reasonable doubt." The district attorney of Nassau county refused to proceed with a second trial on the ground that all the evidence known to exist had been presented to the court on the trial.

Griffin then moved in this department for reinstatement and the matter was referred by this court to an official referee. The applicant appeared at a number of scheduled hearings before the official referee and on each occasion asked that the matter be adjourned so that he could decide whether to obtain counsel and whether to submit to a hearing before the referee. On November 6, 1936, he filed with the official referee a written request, dated November 5, 1936, that the application be referred to the Appellate Division, Second Department.

The applicant was disbarred in the First Department. His motion to set aside his disbarment and for reinstatement was made in the First Department and referred to an official referee. It is apparent that he does not wish to proceed with the hearings in view of the evidence that was brought out in the case of his co-conspirator, Samuel M. Stein.

It is unnecessary to repeat the facts as they are set forth in the opinion denying reinstatement to Stein. (See *Matter of Stein*, 249 App. Div. 382, handed down herewith.)

The applicant appears to be very fortunate in having escaped a prison term. The overwhelming evidence shows he is unfit to be a member of the bar.

The application for reinstatement is denied.

McAvoy, O'Malley, Townley and Glennon, JJ., concur.

Application denied.